USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/24/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JESUS MARIA DE LOS SANTOS,

                       Plaintiff,

         -v-

NEW ATLANTIS MANAGEMENT CORP. et al.,

                      Defendants.

------------------------------------------------------------X

07 Civ. 9731 (PAE)

<u>OPINION & ORDER</u>

PAUL A. ENGELMAYER, District Judge:

Before the Court is the March 14, 2012 Report and Recommendation of Magistrate Judge Gabriel W. Gorenstein that the Court dismiss plaintiff's Complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) (the "Report"). For the reasons that follow, the Court adopts the Report in full, and plaintiff's Complaint is dismissed.

I.    **Background**

De los Santos filed his Complaint on November 2, 2007. Dkt. 2. On December 21, 2007, defendants filed an answer to the Complaint. Dkt. 7. No progress having been made in the case for the following three years, on January 13, 2011, the Hon. George B. Daniels, to whom this case was then assigned, issued an order to show cause why the Court should not dismiss the case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) (Dkt. 10).

On March 3, 2011, after de los Santos had adequately shown cause under the January 13 Order, Judge Daniels referred the case for assignment to Magistrate Judge Gorenstein for general pretrial proceedings and dispositive motions.

1

On April 26, 2011, Judge Gorenstein issued an Order scheduling a pretrial conference for May 13, 2011. Dkt. 12. De los Santos having failed to appear at the conference, on May 13, 2011, Judge Gorenstein issued an order to show cause why plaintiff failed to appear at the scheduled conference, and directing plaintiff to call the Court to provide a telephone number at which he could be contacted on matters relating to the case. The Court's Order warned that "failure to respond to this order may result in this case being dismissed for failure to prosecute." Dkt. 13.

On May 25, 2011, the Court received a letter from de los Santos notifying the Court of a change of address. On June 1, 2011, Judge Gorenstein issued another order to show cause directing plaintiff to call the Court to provide a telephone number at which he could be contacted on matters relating to the case. The Court's Order warned that "failure to respond to this order may result in this case being dismissed for failure to prosecute." Dkt. 15. De los Santos having failed to comply with the June 1 Order, on June 26, 2011, Judge Gorenstein issued another order to show cause with same instruction. Dkt. 16.

On July 6, 2011, Judge Gorenstein issued a scheduling order, setting the deadline for completion of discovery for September 20, 2012. Dkt. 17. Following a status conference, on December 23, 2011, Judge Gorenstein issued an order directing plaintiff to respond to defendants' discovery requests by January 31, 2012. The Court's Order warned that failure to comply may result in the case being dismissed. Dkt. 21.

De los Santos having failed to comply with the December 23 discovery Order, on February 6, 2012, Judge Gorenstein issued an order to show cause why the case should not be dismissed for failure to comply with the Court's Order. Dkt. 22. The Order set a February 16, 2012 deadline for de los Santos to respond to the Court to avoid dismissal.

De los Santos having failed to comply with the February 6, 2012 Order, defendants submitted a letter to the Court, dated February 22, 2012, requesting that the Court dismiss the case for failure to prosecute. Dkt. 23.

On March 14, 2012, Judge Gorenstein issued a Report, recommending that defendants' request to dismiss the case be granted (Dkt. 24). The deadline for de los Santos to file objections to the Report was April 2, 2012. De los Santos failed to file objections to the Report.

## II. Discussion

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge." 28 U.S.C. § 636(b)(1). Courts review *de novo* those parts of a report and recommendation to which objections are made, and reviews the remainder for clear error on the face of the record. *See* 28 U.S.C. § 636(b)(1); *Well Fargo Bank, N.A. v. ESM Fund I, LP*, No. 10-cv-7332, 2012 WL 3023985, at *1 (July 24, 2012).

De los Santos has proffered no objections to the Report, so a review for clear error is appropriate. Even on a *de novo* review, however, Judge Gorenstein's recommendations are plainly accurate and appropriate. De los Santos brings his claims *pro se*, which necessitates that the Court construe liberally his Complaint and any subsequent pleadings, to "interpret them to raise the strongest arguments that they suggest," and to generally make every effort to communicate clearly the requirements of Court orders and the repercussions of failing to comply with those orders. *Cold Stone Creamery, Inc. v. Gorman*, 361 F. App'x 282, 286 (2d Cir. 2010) (summ. order) (internal quotation marks omitted). However, "all litigants, including *pro ses*, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990). Federal Rule of Civil Procedure 37 provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just

3

orders . . . [including] dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Further, Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

A Court may dismiss a *pro se* litigant's action "so long as a warning has been given that non-compliance can result in dismissal." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Further, a decision to dismiss an action for failure to prosecute "may be made *sua sponte*." *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998).

The Court has carefully reviewed the history of the case, including the six separate Orders issued by Judge Daniels and Judge Gorenstein warning de los Santos that failure to comply with Court orders or to pursue his case would lead in dismissal. De los Santos failed to comply with at least three of those Orders. This included failing to respond to defendants' discovery requests, even after the Court granted multiple extensions for de los Santos's benefit. The Court has also reviewed the Report itself. It is clear that dismissal is appropriate.

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. Plaintiff's Complaint is hereby DISMISSED. The Clerk of Court is directed to terminate the case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 24, 2012
     New York, New York